UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FERYNE WOOLDRIDGE, | Case No. 3:15-cv-05706-RBL-KLS |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | Noted for April 22, 2016 |
| Defendant. | |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge.[1] For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and SSI benefits, alleging she became disabled beginning August 10, 2011, due to fibromyalgia, migraine headaches, sleep apnea, and back, hip, right shoulder, knee, and ankle pain.[2] Her applications were denied on initial administrative review and on reconsideration.[3] At a hearing held before an Administrative

---

[1] *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

[2] Dkt. 11, Administrative Record (AR), 11, 182.

[3] AR 11.

REPORT AND RECOMMENDATION - 1

Law Judge (ALJ) plaintiff appeared and testified, as did a vocational expert.[4]

In a written decision, the ALJ determined plaintiff to be capable of performing other jobs existing in significant numbers in the national economy and therefore not disabled.[5] The Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner, whereupon plaintiff filed a complaint in this Court seeking judicial review of that decision.[6] The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in failing to properly evaluate her mental impairments; and (2) in discounting her credibility. For the reasons set forth below, the undersigned agrees the ALJ erred by not properly evaluating her mental impairments, and therefore in finding her to be not disabled. Accordingly, the undersigned recommends the Court remand this matter for further administrative proceedings on that basis.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[7] "A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[8] Substantial evidence is "such relevant evidence as a reasonable mind might

---

[4] AR 24-50.

[5] AR 11-18.

[6] AR 1; 20 C.F.R. § 404.981, § 416.1481; Dkt. 3.

[7] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[8] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

REPORT AND RECOMMENDATION - 2

accept as adequate to support a conclusion."[9] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[10] Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[11] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[12] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[13]

I.  The Failed to Properly Evaluate Plaintiff's Mental Impairments

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.[14] If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends.[15] At step two of this process, the ALJ "must determine whether the claimant has a medically severe impairment or combination of impairments."[16] In making that determination, the ALJ "is bound by" 20 C.F.R. § 404.1520a and 20 C.F.R. § 416.920a, which require the ALJ "to follow a special psychiatric review technique" for determining whether a claimant "has a medically determinable mental impairment," and "rate the degree of functional limitation for four functional areas."[17]

---

[9] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[10] *Batson*, 359 F.3d at 1193.

[11] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[12] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[13] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[14] *See* 20 C.F.R. § 416.920.

[15] *See id.*

[16] *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011).

[17] *Id.*

REPORT AND RECOMMENDATION - 3

"[W]here there is a colorable claim of mental impairment," 20 C.F.R. § 404.1520a and 20 C.F.R. § 416.920a require the ALJ to complete the special review technique, and "append it to the decision, or to incorporate its mode of analysis into the ALJ's findings and conclusions."[18] "The failure to do so requires remand."[19] "A claim is 'colorable' if it is not 'wholly insubstantial, immaterial, or frivolous.'"[20] Plaintiff argues that because she has a colorable claim of mental impairment, the ALJ erred by not applying the special review technique, thus requiring remand. The undersigned agrees.

As plaintiff points out, although she did not initially allege disability based on a mental impairment, the record contains evidence that she has such an impairment and that it has had a significant impact on her ability to function. For example, when plaintiff requested a hearing she reported that in terms of new limitations since she last completed a disability report, she "has become depressed" and "has had memory problems."[21] Plaintiff further reported having to drop out of school after only "about four weeks," because she "couldn't retain the information" or "remember how to do things," and she testified at the hearing that she had had "a nervous breakdown" while still at school following the death of her son, and that she "didn't do well" in terms of her "mental state of mind."[22]

The medical evidence also reveals positive depression screening, reports of depression, anxiety, sadness, stress, difficulty concentrating, memory problems, and sleep disturbance, and observed anxiousness and distress, as well as diagnoses of a recurrent, severe major depressive disorder, a post traumatic stress disorder, a possible bipolar disorder, and a suspected personality

---

[18] *Id.* at 726; *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000).

[19] *Gutierrez*, 199 F.3d at 1051.

[20] *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (citation omitted).

[21] AR 199.

[22] AR 33, 199.

REPORT AND RECOMMENDATION - 4

disorder, and receipt of mental health treatment, including antidepressants.[23] The ALJ, however, did not use the special review technique to evaluate plaintiff's mental impairments, let alone discuss those impairments or any of the above evidence supporting their existence. Defendant argues the ALJ did not err in failing to do so, because plaintiff has not demonstrated a colorable mental impairment.

In support of this argument, defendant points to the fact that in her initial applications plaintiff did not claim depression or any other mental impairment. While certainly this may be *a* factor the ALJ can take into consideration in determining whether a mental impairment exists, given that the ALJ did not address *any* of the evidence regarding plaintiff's mental impairments, it is far from clear that the ALJ actually took this into consideration. In addition, the Court may not affirm an ALJ's decision based on reasons the ALJ did not provide.[24] Nor does the failure to assert a mental impairment claim in the initial application appear to be a bar. For example, in one case the Ninth Circuit deemed it sufficient that the claimant had two positive screenings for post traumatic stress disorder, was diagnosed with that disorder, was encouraged to get treatment, and asserted to the ALJ that he could not work due to depression.[25]

Defendant also asserts that the ALJ should not have to go "combing through" the record to identify "scattered references" in order to find a colorable claim.[26] But there was no such onus in this case. As noted above, there are repeated references in the record to reports and symptoms of depression as well as to various mental health diagnoses. As also noted above, at the hearing, plaintiff testified, and reported earlier on a disability report she completed, to having significant

---

[23] AR 330-31, 351, 363, 372-73, 406, 409, 450, 458, 500-01, 513, 546-48, 554-55, 577, 584-85.

[24] *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

[25] *Angevine v. Colvin*, 542 Fed. Appx. 589, 591 (9th Cir. 2013).

[26] Dkt. 16, p. 2.

REPORT AND RECOMMENDATION - 5

mental health problems. This was sufficient to put the ALJ on clear notice of the existence of a colorable mental impairment.

Next, defendant asserts the two cases plaintiff primarily relies on, *Gutierrez* and *Keyser*, are distinguishable on their facts. In both cases, there was medical evidence indicating that the claimant's mental impairments impacted his or her ability to work and/or function, as well as evidence from both the claimants and third parties concerning problems stemming from those impairments.[27] The Ninth Circuit found each claimant had presented a colorable claim, and thus the ALJ's failure to follow the special review technique constituted reversible error.[28] While it is true that both claimants presented evidence from other sources indicating the impact their mental impairments had on their functioning, as discussed below it does not seem that the same level of evidence is required to overcome the colorable claim hurdle.

Defendant asserts plaintiff cannot rely solely on her subjective complaints to demonstrate a colorable mental impairment. But she has not done so. Again as noted above, the record shows, as in *Angevine*, that she had a positive screening for depression, as well as various diagnoses of mental impairments. Defendant also asserts plaintiff cannot assert a colorable claim here in light of the fairly unremarkable mental status findings in the record. Once more, though, this does not appear to be a requirement. It certainly did not seem to be the case in *Angevine*, and in two other Ninth Circuit cases this also apparently was not a bar. Further, as noted above, the record reveals the presence of abnormal findings as well.

In *Kenoyer v. Barnhart*, the Ninth Circuit deemed it sufficient that the claimant had been diagnosed with an adjustment disorder with depressed mood, had been treated for depression, and was found to have "depression affecting pain," as well as a global assessment of functioning

---

[27] *Keyser*, 648 F.3d at 723-27; *Gutierriez*, 199 F.3d at 1050-51.

[28] *Keyser*, 648 F.3d at 727-28; *Gutierrez*, 199 F.3d at 1051.

REPORT AND RECOMMENDATION - 6

score of 50.[29] Although such a score does indicate serious impairment in functioning, it is based on subjective criteria, and therefore is not significantly different in terms of the source thereof from a claimant's own self reporting.[30] In *Dykstra v. Barnhart*, the conclusion of an evaluating psychologist that a diagnosis of conversion disorder or somatoform pain disorder "might be appropriate," and that she "might also suffer" from PTSD, were found to constitute a colorable claim of mental impairment.[31]

      In this case, plaintiff has presented evidence no less compelling than the claimants in *Angevine*, *Kenoyer*, and *Dykstra*. In addition to the positive depression screening and multiple diagnoses noted above, plaintiff – like the claimant in *Angevine* – directly informed the ALJ that her mental impairments significantly impacted her ability to function, namely that while in school she suffered a nervous breakdown and that she did not do well with her mental state of mind. The ALJ also had before him plaintiff's statements from her disability hearing report that since she last completed a disability report, she had become depressed, had memory problems, and had dropped out of school after about four weeks, because she could not retain information or remember how to do things.

      Defendant argues that even if the ALJ erred by not using the special review technique in this case, plaintiff has failed to show harmful error, because she does not argue she actually has a severe mental impairment. First, plaintiff specifically noted her testimony concerning memory problems and having to drop out of school due to her mental impairments, which unquestionably

---

[29] 49 Fed. Appx. 173, 174 (9th Cir. 2002).

[30] *Pisciotta v. Astrue*, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007).

[31] *Dykstra v. Barnhart*, 94 Fed. Appx. 449, 450 (9th Cir. 2004).

REPORT AND RECOMMENDATION - 7

indicates a more than *de minimis* impact on her ability to perform basic work tasks.[32] Second, to demonstrate a colorable mental impairment it is not necessary to first establish the impairment is a severe one. Rather, it appears sufficient that the claimant merely come forth with "evidence of a mental impairment that *allegedly* prevent[s the] claimant from working."[33] Plaintiff has come forth with such evidence here. Third, given that the ALJ did not address any of this evidence, it is not at all clear that the ALJ would have decided this matter the same way, and thus it cannot be said that the ALJ's error was inconsequential to his ultimate non-disability determination and therefore not harmful.[34]

II.     This Matter Should be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[35] Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[36] Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[37]

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[38] Specifically, benefits should be

---

[32] *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.

[33] *Gutierrez*, 199 F.3d at 1051 (quoting *Hill v. Sullivan*, 924 F.2d 972, 975 (10th Cir. 1991)) (emphasis added).

[34] *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

[35] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[36] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

[37] *Id.*

[38] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

REPORT AND RECOMMENDATION - 8

awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[39]

Because issues remain regarding the impact of plaintiff's mental impairments, it is far from clear that plaintiff is capable of performing other jobs existing in significant numbers in the national economy as the ALJ found. Thus, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings herein.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.[40] Failure to file objections will result in a waiver of those objections for purposes of appeal.[41] Accommodating the above time limit, the Clerk shall set this matter for consideration on **April 22, 2016**, as noted in the caption.

DATED this 8th day of April, 2016.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

---

[39] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

[40] 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6.

[41] *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 9